UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GENE HAYNES                                                                CIVIL ACTION

VERSUS                                                                         NUMBER 08-0891

VERSATILITY MARINE, LLC, et al                           SECTION "C" (3)

REPORT AND RECOMMENDATION
REGARDING PLAINTIFF's COUNSEL's
MOTION TO WITHDRAW

The matter of Plaintiff's Counsels' Collective Motion to Withdraw as Counsel of Record #28 came on for telephone hearing before the under signed Magistrate Judge on September 3, 2008, with counsel for the parties and the plaintiff himself participating by telephone.  The Court has considered the entire record in this case, including the plaintiff's most recent claims that his counsel's position in seeking to withdraw is disingenuous.  As cause for their motion to withdraw, plaintiff's counsel contend that, after filing the instant lawsuit on behalf of the plaintiff, counsel received information that their client had been imprisoned for unrelated criminal matters and that prior in time that they undertook said representation that plaintiff had a felony conviction.[1]

Local Rule 83.2.11 which, in part, governs the withdrawal of counsel provides:

> The original counsel of record shall be held to represent the party for whom he or she appears unless the court permits him or her to withdraw from the case. He or she may obtain permission only upon joint motion to substitute counsel or upon a written motion served on opposing counsel and the client before the court acts. If other counsel is not thereby substituted, the motion to withdraw shall contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion shall be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court

---

[1] For more specific details regarding the conviction and pending charges, plaintiffs' counsel refers to the copy of his August 8, 2008 correspondence addressed to the plaintiff which was attached to the motion to withdraw as Exhibit "A". [Doc. # 28-6].

appearances, on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made.[2]

Although all requirements appear to have been met, *there is no succeeding attorney of record*. The Court recognizes the delay inherent in granting such a motion and that plaintiff in this case had no intention of proceeding pro se at the outset when his case was filed six months ago. Written discovery is complete and deposition/expert discovery has just commenced. Indeed, Plaintiff has requested a stay in the event that the Court is inclined to grant the joint motion to withdraw, so that he may retain other legal counsel. This is an indication that granting the motion may delay the prosecution of this matter and jeopardize the current trial schedule.

On the other hand, with respect to his own counsel whom plaintiff desires to retain, plaintiff has stated in no uncertain terms, to wit: "He is a liar." *See* Plaintiff's Hand-Written Correspondence addressed to Chief Judge Berrigan and the undersigned dated August 13, 2008. Additionally, considering the plaintiff's current incarceration and even acknowledging the fact that plaintiff is hopeful, the chances of the plaintiff's release pending trial on criminal charges remain quite uncertain. It is also questionable at best whether the current trial schedule will survive even if the Court were to make the recommendation urged by plaintiff – *i.e.*, to impress his current counsel (with whom he is displeased to say the least) into continuing to provide their services under the extant *contingent fee* arrangement.

---

[2] ULLR 83.2.11 Continuing Representation, Withdrawals, Substitution of Counsel.

Considering the various *alleged* breaches of trust by and between plaintiff and the plaintiff's counsel of record, the undersigned cannot recommend that counsel be required to continue their representation of the plaintiff in this matter under a contingency fee agreement. Accordingly,

**IT IS RECOMMENDED** that the Plaintiff's Counsel's Collective Motion to Withdraw as Counsel of Record #28 be GRANTED.

**IT IS FURTHER RECOMMENDED** that the Plaintiff be granted a period of sixty (60) days[3] within which to retain other counsel or to advise the Court of his intent to proceed *pro se*.

**IT IS FURTHER RECOMMENDED** that, during that sixty (60) day interim period, the captioned case be stayed.

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

New Orleans, Louisiana, this _____ day of September, 2008.

---

[3]Under ordinary circumstances, this Court would be inclined to recommend a thirty day stay of proceedings. In light of the fact that plaintiff is currently incarcerated, a sixty day stay is more reasonable and thus recommended.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**