## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GENE HAYES**                                   **CIVIL ACTION**

**VERSUS**                                       **NO:    08-0891**

**VERSATILITY MARINE, LLC et al**                **SECTION: "C" (3)**

### ORDER AND REASONS

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections of the defendant Versatility Marine, finds that plaintiff's counsel has not addressed whether withdrawal would have a "material adverse effect" on the interests of the client or if counsel has "good cause for withdrawal."   Therefore the Report and Recommendation of the United States Magistrate Judge is rejected and plaintiff's counsel's Motion to Withdraw Joseph Miller, Benjamin Saunders, William Billeaud, Phillip Barkett, Ernest Souhlas is DENIED without prejudice.    (Rec. Doc. 28).

Plaintiff's counsel seeks to withdraw because counsel allegedly learned of plaintiff's prior criminal history and pending charges only after agreeing to represent plaintiff.  Plaintiff is currently incarcerated in Missouri, which counsel argues significantly increases the costs of the litigation.

Plaintiff's counsel has met the procedural requirements of Local Civil Rule 83.2.11. Plaintiff's counsel has not met, however, the substantive requirements of the Louisiana Rules of

Professional Conduct.[1]  Rule 1.16(b) states:

> a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
> (1) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (2) The client has used the lawyer's services to perpetrate a crime or fraud;
> (3) A client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
> (4) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (5) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (6) Other good cause for withdrawal exists.

Plaintiff's counsel has not addressed the effect of the withdrawal on the interests of the client and how the newly discovered facts regarding plaintiff's prior criminal history and pending charges would constitute "good cause for withdrawal" if withdrawal would cause "material adverse effect on the interests of the client."  Plaintiff's counsel has also not addressed the dates of relevant events, including counsel's retention, counsel's discovery of the new facts, and this Court's order granting plaintiff's motion for Missouri attorney Phillip Barkett to appear *pro hac vice*.

Accordingly,

**Plaintiff's Counsel's Motion to Withdraw Joseph Miller, Benjamin Saunders, William Billeaud, Phillip Barkett, and Ernest Souhlas as Attorneys is DENIED without prejudice. (Rec. Doc. 28)**

New Orleans, Louisiana, this 3rd day of November, 2008.

---

[1] By local rule, this Court adopted Louisiana's rules of professional conduct.  Local Civil Rule 83.2.10E.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

3